# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| **JOSEPH L. HEWITT,** ) | |
| ) | Bankruptcy No. 15-00602 |
| Debtor. ) | |
| ) | |

## RULING ON TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTION

This matter came before the Court on Trustee's Objection to Debtor's Claimed Exemption. The Court held an evidentiary hearing on the matter in Cedar Rapids, Iowa on July 30, 2015. Jared Knight, a law student at the University of Iowa, and Eric Lam appeared on behalf of Trustee. Derek Hong appeared on behalf of Joseph L. Hewitt ("Debtor"). The Court took the matter under advisement. The parties filed post-hearing briefs. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## STATEMENT OF THE CASE

Debtor claims a house at 2710 15th Avenue, Marion, IA 52302 ("the Marion house") as exempt as a "retirement fund" under 11 U.S.C. § 522(d)(12). Trustee objects to this exemption. Trustee argues that the Marion house does not qualify for the "retirement fund" exemption because it is not a "fund or account." Trustee

1

also argues the house cannot be a "retirement fund" because it is not tax exempt under the relevant sections of the Internal Revenue Code.

Debtor argues that the Marion house is a retirement fund because it is "a sum of money or other resource whose principal or interest is set apart for a specific objective"—in this case retirement—and that it is tax exempt. Debtor also argues that, even if it is not exempt, a sale of the house is unlikely because selling the Marion house would not provide proceeds for the estate and would disproportionately harm his wife. Trustee responds by arguing that whether the house is exempt and whether sale would be appropriate are separate issues. Trustee also argues that the sale would benefit the estate and that the potential harm to Debtor's wife could be mitigated.

The Court sustains Trustee's objection. The Court finds that the Marion house is not tax exempt and does not meet the requirements of the retirement fund exemption.

## STATEMENT OF FACTS

The parties largely agree on the facts, but disagree about how the law applies to those facts. Before 2014, Debtor worked for Martin Marietta, a construction supplies company. Martin Marietta provided him with a $195,726 annuity on January 1, 2014 ("Martin Marietta Annuity"). In early 2014, Debtor rolled the Martin Marietta Annuity over into a "First Clearing IRA" that was worth

2

approximately $200,000.  Sometime before July 11, 2014, Debtor cashed out the IRA and incurred substantial tax liability as a result.  On or near July 11, 2014, Debtor used the First Clearing IRA proceeds to purchase the Marion house for $123,000.  Debtor used only the First Clearing IRA proceeds to purchase the Marion house.

Debtor intended to use the Marion house as a residence during retirement.  Debtor only pays property taxes on the house—no mortgage payment.  Debtor filed for Chapter 7 bankruptcy on April 28, 2015.  There was no lien or mortgage on the house at the time of filing.

Debtor's wife, Mrs. Hewitt, who did not file for bankruptcy, has several disabilities, including autoimmune disorders.  She also has a severe allergic sensitivity to many common chemicals and gas by-products, such as hairspray, tobacco smoke, and engine exhaust.  These chemicals burn her throat and lungs, and cloud her mental processes.  Since 2009, Mrs. Hewitt has been largely restricted to her home to avoid the potentially life-threatening exposure these airborne chemicals present for her.  She rarely leaves the house.

The Social Security Administration determined that Mrs. Hewitt is totally and permanently disabled.  She receives disability benefits.  Mrs. Hewitt would be unable to live in an apartment or motel due to the high likelihood that other residents in those places would use chemicals that could compromise her health.

The Marion house is uniquely conditioned to serve as Mrs. Hewitt's home. It has been cleaned and outfitted to accommodate her needs.

## DISCUSSION

Debtor claims the Marion house is exempt as a retirement fund. Trustee objects, arguing that the house does not meet the requirements of the retirement fund exemption. The Court will first discuss why Debtor may elect the federal exemptions.

### I. What Exemptions Apply

The federal exemptions provided in § 522(d) usually do not apply to Iowa debtors because Iowa has opted out of the federal exemptions. Nevertheless, Debtor elected the federal exemptions in his petition and the Trustee submits that the domicile issues in this case allow him to do so. The Court agrees.

The Bankruptcy Code gives debtors the choice between the federal exemptions provided in § 522(d) and state law exemptions unless the state opts out of the federal exemptions. 11 U.S.C. § 522(b)(3)(A); In re Roberts, 450 B.R. 159, 164 (N.D. Iowa 2011). Iowa has opted out of the federal exemptions. Iowa Code § 627.10 ("A debtor to whom the law of this state applies on the date of filing of a petition in bankruptcy is not entitled to elect to exempt from property of the bankruptcy estate the property that is specified in 11 U.S.C. § 522(d)."). Thus, generally only Iowa exemptions are available to Iowa debtors.

4

A debtor who established domicile in Iowa in the 730 days before filing, however, will not be entitled to Iowa exemptions. See 11 U.S.C. § 522(a)(3)(A). If a debtor was domiciled in more than one state during 730 days before filing, the Court looks to the 180 days before the 730 days before filing. Id. The exemptions of the state where the Debtor was domiciled for the largest portion of that 180 day period will apply. Id. Because some states exemption statutes only allow resident debtors to exempt property, this statute can leave some debtors without exemptions. See e.g., In re Alcorn, No. BR 13-50026, 2013 WL 3353837, at *2-3 (Bankr. D.S.D. July 3, 2013). The hanging paragraph in § 522(b)(3) addresses this situation. See id. It states: "If the effect of the domiciliary requirement under subparagraph (A) is to render the debtor ineligible for any exemption, the debtor may elect to exempt property" under the federal exemptions. § 522(b)(3).

The Trustee stated in her brief that the federal exemptions applied to Debtor "[d]ue to the peculiar domicile issues in this case." Trustee's brief at 1. This is the only discussion about why Trustee agrees that the federal exemption applies. Because the parties do not contest—and there is a statutory basis for finding based on Trustee's comment—that the federal exemptions apply to this case, the Court agrees that Debtor may elect to exempt property under § 522(d).

## II.     Exemption of the Marion House under 11 U.S.C. § 522(d)(12)

The applicable retirement fund exemption in the federal exemptions is found in 11 U.S.C. § 522(d)(12), which states:

> **(d)** The following property may be exempted under subsection (b)(2) of this section:
> . . .
> **(12)** Retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

11 U.S.C. § 522(d)(12). Thus, to be exempt under § 522(d)(12), retirement funds must (1) be tax exempt under one of the enumerated sections of the Internal Revenue Code and (2) be in a "fund or account." In re Nessa, 426 B.R. 312, 314 (B.A.P. 8th Cir. 2010).

Courts liberally construe exemptions "in favor of the debtor and in light of the purposes of the exemption." See Andersen v. Ries, 259 B.R. 687, 690 (B.A.P. 8th Cir. 2001). The party objecting to the exemption bears the burden of proving that the debtor's property does not qualify for the exemption by a preponderance of the evidence. Fed. R. Bankr. P. 4003(c); see In re Roberts, 450 B.R. 159, 164 (N.D. Iowa 2011).

Trustee argues that the Marion house is not a "fund or account" and that it is not tax exempt under the Internal Revenue Code. The Court will address the tax exemption issue first, because it is dispositive.

### a. Tax Exempt Status

Trustee argues that the Marion house cannot be exempt in bankruptcy as a retirement fund because it is not tax exempt under the Internal Revenue Code. Debtor does not argue that the Marion House is exempt under any of the enumerated sections of the Internal Revenue Code. Instead, he argues it is tax exempt under other law and that satisfies the bankruptcy exemption requirement here. Debtor contends that the tax exemption requirement for the retirement fund exemption was intended to prevent debtors from claiming luxury property as a retirement fund, not to stop people from using their normal, and reasonably-valued, house as such an account. Debtor contends that he is using the house as a legitimate retirement account and is not claiming the exemption to frustrate creditors. Debtor asks the Court to use its equitable powers under § 105 to read the exemption broadly enough to find that the Marion house is exempt as a retirement fund.

The Court must first determine whether the language of this statute is clear and, if so, give the language its plain meaning. Stanley v. Cottrell, Inc., 784 F.3d 454, 465–66 (8th Cir. 2015). "If the words are unambiguous, our inquiry is complete." Conn. Nat'l Bank v. Germain, 503 U.S. 249, 254 (1992). Any ambiguity in the language requires courts to further examine the language and

Congress' intent in passing it.  <u>Owner-Operator Indep. Drivers Ass'n v. Supervalu, Inc.</u>, 651 F.3d 857, 863 (8th Cir. 2011).

The statute's language is clear and unambiguous.  It only exempts "[r]etirement funds to the extent that those funds are in a fund or account that is **exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code**."  11 U.S.C. § 522(d)(12) (emphasis added).  This language plainly indicates that reference to the enumerated Internal Revenue sections is required to satisfy the Bankruptcy Code exemption.  The statute does not begin the list with the word "including" or otherwise indicate that the list is not exhaustive.  <u>See</u> 11 U.S.C. 102(3) ("'includes' and 'including' are not limiting").

In addition, "'a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous.'"  <u>Clark v. Rameker</u>, 134 S. Ct. 2242, 2248 (2014) (citing <u>Corley v. United States</u>, 556 U.S. 303, 314 (2009)).  If the statute did not require that funds be tax exempt under one of the listed Internal Revenue Code statutes, the specific list of those sections would be superfluous.  The Court finds that § 522(d)(12) requires a fund's tax exemption to stem from one of the enumerated sections.

Debtor acknowledges that the language of the statute presents problems.  Debtor asks the Court to use its broad equitable power under § 105(a) to read around the difficult language.  The Court, however, does not have such authority.

Section 105(a) allows a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  The United States Supreme Court has explicitly stated that § 105(a) "does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code."  Law v. Siegel, 134 S. Ct. 1188, 1194–95 (2014) (quoting 2 COLLIER ON BANKRUPTCY ¶ 105.01[2], at 105–06 (16th ed. 2013)).  Section 105(a) gives this Court the equitable power to "carry out" the provisions of the Bankruptcy Code, not to contravene them.  See § 105(a).  The language of § 522(d)(12) <u>requires</u> that a fund be tax exempt under one of the listed sections.  This Court's equitable power in § 105(a) does not allow it to go as far as Debtor requests.

Debtor also urges the Court to take into account another Bankruptcy Code section before it definitively determines the meaning of § 522(d)(12).  Debtor argues that the Court should consider whether the house could eventually be sold under 11 U.S.C. § 363(h).  Debtor argues that the Trustee selling the house would harm his wife more than it would benefit his creditors and thus should ultimately be denied.  Debtor asks the Court to use that as an additional equitable basis for applying § 522(d)(12).

Trustee argues that exemption and sale are separate issues and that whether the house could be sold under § 363(h) is irrelevant to whether the house is

exempt.  Trustee cites <u>In re Shaw</u>, 2010 WL 128383, at *2 n.3 (Bankr. N.D.W. Va. Jan. 11, 2010), to support this position.

The Court agrees with Trustee that exemption and sale are separate issues.  Thus, the Court declines to consider the sale issue at this time.  A proposal to sell the Marion house or an objection to any such sale is not before the Court.  <u>See</u> Fed. R. Bankr. Proc. 2002(a)(2), 6001(b).

The Court thus finds that, on the issues relevant here, a retirement fund must be tax exempt under the Internal Revenue Code provisions specifically listed in § 522(d)(12).  The Marion house is not exempt from the bankruptcy estate because it does not satisfy the tax code requirements of § 522(d)(12).

### b.  Fund

While Debtor argues for several readings that ask the Court to find the house to be a "fund," the Court need not reach those arguments.  The tax exemption issue is dispositive.

## CONCLUSION

The Court finds that the Marion house is not exempt under 11 U.S.C. § 522(d)(12) because it is not tax exempt under any of the enumerated Internal Revenue Code provisions.

**WHEREFORE**, Trustee's Objection to Debtor's Claimed Exemption is **SUSTAINED**. The Debtor's Claimed Exemption is **DENIED**.

Dated and Entered:

December 16, 2015

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE